968 F.2d 1224
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 The PEOPLE OF the STATE OF COLORADO, In the Interest of
Susan Webb, Plaintiff,
and
Susan Webb, a Child, Plaintiff-Appellant,
v.
Joseph J. TRAFICANTI and Richard K. Bowers, Jr., Defendants-Appellees,
James Webb, Respondent-Appellant,
and
Judy Webb, Respondent.
 Nos. 91-1296, 91-1306.
 United States Court of Appeals, Tenth Circuit.
 July 8, 1992.
 
 Before ANDERSON and EBEL, Circuit Judges, and VAN SICKLE, District Judge.*
 ORDER AND JUDGMENT**
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 Susan and James Webb appeal the dismissal of their damage claims for civil contempt against Joseph J. Traficanti and Richard K. Bowers, Jr., and the related denial of their motion to amend the underlying contempt citation issued by the district of El Paso County, Colorado in Civil Action No. 82JV0326. The Webbs assert in their motion that an amendment to the state court's contempt citation is necessary in order to clarify that they were seeking--and that the contempt citation allowed--compensatory damages as well as criminal contempt sanctions.
 
 
 2
 The background facts are well known to the parties and are amply set out in the record. The state district court issued the contempt citation in question on August 7, 1986. On December 8, 1986, the proceedings as to Traficanti and Bowers were removed to federal court, and proceedings with regard to state actors continued in the Colorado state courts. At no time was an amendment to the initial contempt citation sought or obtained in the state courts, and the wording of the citation was not appealed at the conclusion of the ongoing state court case.
 
 
 3
 In response to the Webb's motion in federal district court, the court identified the dispositive facts and ruled as follows:
 
 
 4
 On May 18, 1990, Susan and James Webb moved to amend the motion for contempt and the contempt order forming the basis for this action by adding a civil claim for damages, costs and attorney fees. Joseph Traficanti and Richard Bowers oppose this amendment, arguing that it was not the state court's intention to award civil damages. The record supports their position.
 
 
 5
 In the Webbs' original motion for contempt order, they requested, inter alia, "a judgment against Major Richard K. Bowers, Jr. [and] Major Joseph J. Traficanti ... for damages, costs and reasonable attorney's fees for prosecution of this action." Motion at 7 (emphasis added). When the contempt order was issued, however, the court stated, "Major Richard K. Bowers, Jr. [and] Major Joseph J. Traficanti ... are further informed that if they are found guilty of contempt they may be punished by fine or imprisonment, or both, as a punitive and not a remedial measure, and to vindicate the dignity of this Court." Order at 1 (emphasis added). Thus, it appears that the court's clear intention was not to award civil damages.
 
 
 6
 * * *
 
 
 7
 * * *
 
 
 8
 Accordingly, the motion to amend contempt citation is DENIED.
 
 
 9
 Joint Appellant's Appendix at 128-129. The district court reaffirmed that ruling in denying successive motions to reconsider.
 
 
 10
 We agree with the district court that the citation rules out remedial relief; thus, contrary to assertions in the Webbs' motion below, there is nothing to clarify.
 
 
 11
 Counsel for the Webbs candidly acknowledge that "[I]t has been slightly confusing to [them] from the beginning of this case what role a contempt citation plays in a motion for a civil (compensatory) contempt order." Joint Appellants' Reply Brief at 1. Nevertheless, they argue, without direct supporting authority, that the wording of the citation is essentially irrelevant if the motion for the citation gives sufficient notice, id. at 1-2, and, in any event, the citation issued by the state court "can be freely amended," id. at 2, presumably by the federal court to which the action has been removed.
 
 
 12
 On the latter point, the Webbs argue that the citation can be amended under Fed.R.Civ.P. 15(a) because it is "the functional equivalent of a complaint." Joint Appellants' Opening Brief at 16., Or, it is "at the very least" a "pleading." Id. We disagree. The citation in question was an order of the court, not a pleading.
 
 
 13
 We also disagree that the citation is irrelevant because only notice is required and the motion for contempt provided notice. The citation was a ruling on the motion, and subsequent proceedings were governed by that ruling.
 
 
 14
 The Webbs do not elaborate upon any other ground by which the district court could amend the contempt citation, and we do not undertake to suggest any. To the extent that the citation remained amendable by the district court, we hold that the district court did not abuse its discretion in denying the Webbs' motion.
 
 
 15
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 Hon. Bruce M. Van Sickle, Senior District Judge for the District of North Dakota, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3